The Chancellor.
The mortgage which the complainant seeks to foreclose was given to secure the payment of part of the purchase money of the premises, conveyed at the date of the mortgage by the mortgagee to the mortgagor with covenants of general warranty of title and against encumbrances. There was a subsisting mortgage upon the premises at the time of the conveyance which the vendor has failed to discharge. The owner of the equity of redemption, who holds the premises by deed with covenants of warranty *175 from the mortgagor, asks that the amount of the prior encumbrance be deducted from the amount due the complainant upon his mortgage.
The case falls directly within the principle of Shannon v. Marselis (Saxton 413), and must be controlled by it. This ease, indeed, is much stronger in favor of the equity of the claim than the reported case. Here there was, at the time of the transaction, a distinct understanding between the parties that the amount of the subsisting encumbrance should be paid out of the first payments made by the mortgagor or deducted from the mortgage debt.
In the case of Shannon v. Marselis, as in this case, the mortgage was in the hands of an assignee. The general rule is, that the assignee of a mortgage takes it subject to all the defences which exist against it in the hands of the mortgagee, but not to a latent equity residing in a third person against the mortgagee. Clute v. Robinson, 2 Johns. R. 612; Murray v. Lylburn, 2 Johns. Ch. R. 441; Livingston v. Dean, Ibid. 479; Shannon v. Marselis, Saxton 414 ; 1 Hilliard on Mortgages 527 (50 a).
The assignment of the mortgage was made to the complainant while the mortgagor continued to own the equity of redemption. The premises were subsequently conveyed from him by deed with covenants of general warranty, and passed by like title to Morris, the defendant. Morris therefore is entitled to the same equitable relief to which Depue himself would have been entitled had he continued the owner of the premises.
It is objected, on the part of the complainant, that the original mortgagee is not before the court. Upon the case made by the bill, there appears no reason why he should bo made a party. He retains no interest in the mortgage debt, and none in the mortgaged premises. On recurring to the assignment of the mortgage to the complainant, which has been made an exhibit in the cause, it appears that the mortgage was assigned to the complainant as collateral security merely, and that the assignee was to account to Ryer *176 son for the residue, whenever collected. As to such surplus, if there be any, the complainant is the mere trustee of Eyerson, for whose benefit the mortgage debt is to be recovered. In that event, Eyerson is a necessary party to the bill. On a bill for foreclosure all the persons entitled to the mortgage money should be before the court. All the beneficiaries should be made parties as well as the trustee. Story’s Eq. Pl., § 201; Mitford’s Pl. (ed. 1827) 39,164.
If in fact there be such surplus in the hands of the complainant, or if upon the recovery of the amount due upon the mortgage now sought to be foreclosed there will be such surplus, and the complainant desires that Eyerson should be concluded by the decree, it is proper that he should be made a party. But no such necessity appears upon the face of the bill nor of the answer; and although the exhibit shows that the mortgage was originally assigned as a collateral security for certain purposes, and that the surplus, if any, was to be paid to Eyerson, it does not appear that there was any surplus after the immediate object of the assignment had been accomplished. It cannot be assumed, upon the pleadings and evidence in the cause, that Eyerson has any interest whatever in the mortgage debt. No reason is apparent why he should be made a party to enable the court to settle all the equities of the case.
It certainly does not lie in the mouth of the complainant, who has omitted to make Eyerson a party, to present that fact as an objection against the equitable protection asked for by the defendant. As the case stands before the court, there is no reason why he should be made a party, nor why, because of the omission to make him a party, the relief asked by the defendant should be denied.
The complainant is entitled to his costs of foreclosure. It is apparent, from the evidence, that the complainant, in do-dining to receive the money proposed to be paid by tho defendent, acted in good faith under the advice of his counsel. He was advised that holding the mortgage as collateral security, and bound by his agreement to account to Eyerson *177 for the surplus, he could not safely accept less than the face of the mortgage. It is clear that, standing in the position he did, the complainant had no right to adjust the conflicting claims of interested parties, much less was he bound to take the hazard of so doing. He was entitled to ask a decree of the court to have the conflicting claims adjusted and his own rights protected. The conduct of the complainant under the circumstances was neither unreasonable nor litigious.
Unless there be a legal tender of the sum due interest does not stop. It is admitted that there was no legal tender of the money proposed to be paid. The complainant is entitled to interest.