## FARNUM *vs.* BURNETT and others.

1. An instrument under seal is good, though no consideration was given for it. Courts will not allow the consideration to be inquired into for the sake of declaring the instrument void, for want of consideration, but they will, for the purpose of ascertaining what is due upon it.

2. A mortgage given by the legal owner of the fee of mortgaged premises to one of several persons having a beneficial interest therein, with the consent of all the others, for the avowed purpose of enabling him to raise money on it, is a perfectly valid security, and in the hands of any one who has advanced money or become security for money raised, is upon a sufficient consideration to sustain it, as against all subsequent encumbrancers or purchasers.

3. A mortgage made for future advances is good as against a subsequent purchaser or mortgagee.

The argument of this cause was had upon final hearing, upon the pleadings and proofs.

*Mr. Lewis,* for complainant.

*Mr. Magie,* for defendant, Stratton.

THE CHANCELLOR.

The defendant, Burnett, held the title to the premises conveyed by the mortgage in this case, in October, 1863, for his own benefit, and that of the defendants, Wood and Southwick. Each was interested in an equal third. At that time he executed a mortgage on the whole premises, to the defendant, Wood, for $2500, with interest, payable in three years. No consideration was paid by Wood for this mort-

gage, but it was given to him to enable him to raise money on it, and because he was interested in the property. This mortgage, Wood, on the 24th day of December, 1863, delivered to the defendant, Southwick, with a written assignment, leaving a blank for the name of the assignee, with power to insert any name he might desire. It was delivered to him for the purpose of raising money upon it. The verbal understanding at the time was, that the money should be raised for the benefit of both Wood and Southwick. Southwick having inserted in the asssignment the name of the complainant as assignee, delivered it and the mortgage, and the bond given with it, to the complainant as security for endorsements which the complainant might make for the benefit of himself and Wood, or either of them. The complainant then endorsed two notes of $1000 each, one drawn by Wood, the other by Southwick, each endorsed by the other, and each received the amount obtained by the discount of his note. Wood did not know how or of whom the money was procured, and paid the amount of his note at maturity to Southwick, and about or after that time agreed with Southwick, that Southwick should take the mortgage for his own benefit and convenience, and should account for the same, or have the mortgage canceled; and took from Southwick a written stipulation setting out that agreement, which for some reason was dated back to December 26th, 1863. The notes endorsed by the complainant were taken up by the proceeds of new notes or checks endorsed by him, and discounted for the purpose. And the endorsements for the accommodation of Southwick were continued until April 5th, and May 4th, 1866, when two checks each for $1680, both drawn by Wood, to the order of Southwick, and endorsed by him and Farnum, were protested, and paid by Farnum. These checks were endorsed by Farnum, at the request of Southwick, for his benefit, and Farnum now seeks to foreclose this mortgage to repay the money paid on these checks; he claims to hold the mortgage to indemnify him from his endorsements on them.

In 1866, Burnett mortgaged part of the same premises to the defendant, Stratton, to secure the payment of $7000. He had before conveyed, with warranty, the residue of the premises. This, as between these purchasers and Stratton, throws the whole burden of the complainant's mortgage on the part so mortgaged to Stratton. Stratton foreclosed his mortgage without making the complainant a party, and at the foreclosure sale became the purchaser of the premises in his mortgage, which were conveyed to him by the sheriff's deed, August 29th, 1868.

Stratton contends that the complainant's mortgage is void for want of consideration, as between Burnett and Wood, and that if not void, that the debt or liability for which it was assigned, has in whole or in part been paid and discharged.

A bond and mortgage, or any instrument under seal, implies a consideration, none need be proved; and it is good if it is shown that none was given. And neither courts of law or equity will allow the consideration to be inquired into for the sake of declaring the instrument void for want of consideration; but they will, for the purpose of ascertaining what is due upon it. This mortgage given to Wood by Burnett, the legal owner of the fee, with the consent of the others interested, for the avowed purpose of raising money upon it, is a perfectly valid security, and in the hands of any one who has advanced money, or become security for money raised, is upon a sufficient consideration to sustain it, as against all subsequent encumbrancers or purchasers.

The object of the assignment is clearly proven, by both Farnum and Southwick, the parties to the transaction, and no witness in any way contradicts their testimony. It was to secure Farnum for endorsements made by him for Wood and Southwick, or either of them. The endorsement of the two checks of $1680 each, and the payment of them by Farnum, is proved and not disputed. The amount paid by him exceeds the amount due on the mortgage, and he is entitled to all the principal and interest due on the mortgage, as indemnity in part for that payment.

The payment of his first note by Wood to Southwick, cannot affect Farnum; the amount was not paid to him. And if it had been, and the first notes of Southwick and Wood had both been paid, yet under the agreement as proved, upon which the assignment was delivered to Farnum, that it was to be held as security for any endorsements he might make, it is security for the endorsement of the two checks. And a mortgage made for future advances, is good as against a subsequent purchaser or mortgagee.