## KAMENA *vs.* HUELBIG and others.

1. An assignee takes a mortgage subject to all the equities to which it was liable in the hands of his assignor. And where the mortgage has been pledged as security for the payment of a note, he is entitled in a suit for foreclosure, only to a decree for the balance due on the mortgage, after deducting the amount of the note.

2. Where the mortgagor has paid the note, and the note and mortgage have been delivered to him, he is subrogated in the place of the payee of the note as his assignee, and will be allowed the amount as a credit on the mortgage.

3. A deduction allowed by the payee from the amount really due on the note, does not enure to the benefit of the assignee. A receipt being taken in full of the payee's claim on the bond and mortgage, the mortgagor is entitled to a credit on the mortgage for the full amount of the note.

4. The pledging by note of a bond and mortgage as security for its payment is a lawful pledge. It does not require a sealed or written instrument to assign a bond even at law. In this case a mere delivery of the bond and mortgage would have been sufficient.

5. This assignment does not come within the provisions of the second section of the act of March 14th, 1863, (*Nix. Dig.* 613,) requiring it to be in writing ; but if it did, the written pledge in this case is sufficient.

6. That the maker of the note pledging the mortgage as security for its payment was a married woman, does not affect the validity of the assignment. Her husband was present when she gave it, and approved it.

7. That the complainant did not know of this assignment, does not affect it.

8. That the mortgagee did not have the bond and mortgage in her hands for delivery, at the time she assigned them, was notice to the assignee that they were held by some one as owner or claimant. But he was entitled to no notice ; he took them subject to all equities in this respect.

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Hoffman,* for complainant.

*Mr. Winfield,* for defendants.

THE CHANCELLOR.

The suit is to foreclose a mortgage dated September 24th, 1868, given by the defendants, Flentze and wife, to Elizabeth Huelbig, wife of Frederick Huelbig, to secure $1563. On the 1st of December, 1868, Elizabeth Huelbig, in the presence and with the consent of her husband, gave a note to Margaret Dietrick for $800, and pledged this bond and mortgage as security for its payment. The note containing the pledge was signed by Elizabeth Huelbig only. While the bond and mortgage were held on this pledge, Elizabeth Huelbig, with her husband, on the first day of May, 1869, by writing under their hands and seals, assigned the bond and mortgage to the complainant, which assignment was recorded on the tenth day of August following. Mrs. Dietrick retained the bond and mortgage, but the written pledge to her was not recorded, nor does it appear that the complainant had notice of it. The note to Margaret Dietrick not being paid, she instituted a suit to foreclose the mortgage. After this, on the 25th day of February, 1870, Flentze, to stop the foreclosure, paid to Margaret Dietrick $732 in full for her debt, and took from her a receipt that it was in full for her claim on the bond and mortgage, and she delivered the note and bond and mortgage to Flentze, who still retains them. The amount paid Mrs. Dietrick was less than the amount due to her ; she threw off part out of compassion for Mrs. Huelbig, who lost everything in the business for the purchase of which the note was given. The amount paid by the complainant for the assignment to him does not appear ; the only conclusion to be drawn from the evidence is, that it was over $100 and less than $500. The complainant, when examined a little more than two years after the transaction,

evades discovering the truth in a manner that must impair his character for fairness, and his credibility as a witness.

The defendant Flentze contends, that having paid this note to Mrs. Dietrick the assignee of the mortgage, he is entitled to be subrogated in her place as assignee, or to be allowed the amount as a credit on the mortgage.

The bond and mortgage were lawfully pledged to Mrs. Dietrick. It does not require a sealed or written instrument to assign a bond, even at law. It was so held by the Supreme Court in *Allen* v. *Pancoast, Spencer* 68. And in *Kinna* v. *Smith*, 2 *Green's Ch.* 14, Chancellor Vroom held that an assignment without seal was sufficient to pass the title to a mortgage for foreclosure in chancery, though it would not pass the lands so as to maintain ejectment. This assignment was in writing, but had it been by mere handing over the bond and mortgage, it would have been sufficient.

This assignment was not authorized by, nor does its validity depend upon, the act of March 14th, 1863, (*Nix Dig.* 613,) and therefore it does not come within the provisions of the second section of that act, requiring it to be in writing. But if it did, the written pledge in this case is sufficient.

That Mrs. Huelbig was a married woman does not affect the validity of the assignment. Her husband was present and approved the assignment, which removes all question as to the power of a married woman to assign her bond or note.

That the complainant did not know of the assignment, does not affect it. Such assignments are not required to be recorded, except as to the mortgagor, to protect him in payments and right to set off. There was no negligence by the assignee ; she took possession of and kept the bond and mortgage ; and the fact that the mortgagee did not have them to deliver at the assignment to the complainant, was notice that they were held by some one as owner or claimant. But no notice to him was required ; he took them subject to all equities in this respect.

The title which the complainant acquired by the assignment was such as his assignor had at the time—that is, subject

to the pledge to Mrs. Dietrick for the payment of $800, with interest from December 1st, 1868.

By the payment of that debt, and the delivery of the note and bond and mortgage to him, Flentze stands in the place of Mrs. Dietrick, as her assignee in equity, and the complainant has no right at law or in equity to any advantage for the payment so made, nor to the deduction made by Mrs. Dietrick from the amount really due her on this transfer to Flentze.

The complainant is entitled to a decree for the amount due on the bond and mortgage, giving credit for $800, as of December 1st, 1868, and for a sale of the mortgaged premises in satisfaction of that amount, but without costs. The litigation arose from his unjust and illegal claim.