Putnam *v.* Clark.

ADAH A. PUTNAM

*v.*

LYDIA A. CLARK and others.

1. The burden of proof is upon the party alleging that an alteration has been made in a deed.

2. A *bona fide* assignee of a mortgage is entitled to hold it as against the original owner, who, by placing it in her agent's hands assigned in blank or for a particular purpose, gave him the opportunity to perpetrate a fraud upon her.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. P. Bentley,* for complainant.

*Messrs. Collins & Corbin,* for Clark's executors.

*Mr. H. Wallis,* for Redfield.

THE CHANCELLOR.

The complainant, Mrs. Adah A. Putnam, was, on or about the 21st of April, 1871, the owner of a bond and mortgage for $12,000 and interest, given to her by Jane M. Mackay and her husband, on land in Jersey City.   At

that time those instruments were in the hands of her attorney, William C. Barrett, of the law firm of Barrett, Redfield & Hill, of the city of New York. Being desirous of obtaining the money for them, with a view to a profitable re-investment of it, which was then offered to her, she applied to Barrett on the subject, and he told her that he thought he would be able to get it for her from another client of his, William M. Ramsey, of Montreal, who would, he expected, be in the city on the Wednesday following the day on which the application was made. She then, with her husband, as she states in her bill, executed an assignment of the bond and mortgage, in favor of Ramsey, and left it in the hands of Barrett. The latter failed to obtain the money from Ramsey, and so informed Mrs. Putnam. She did not, however, withdraw the assignment from Barrett's hands. The latter continued to pay her, regularly, money as interest collected by him on the bond and mortgage, up to the spring of 1876, when he absconded. It appears that, after he absconded, she learned for the first time that he had put upon record, in Hudson county, an assignment of the bond and mortgage purporting to have been executed by her and her husband to him. She afterwards learned that he had assigned the bond and mortgage to the Relief Fire Insurance Company of New York, as collateral security for the payment of a mortgage for $20,000, and that Amasa A. Redfield, his partner, had obtained an assignment of them from the company, and subsequently had assigned them to Hosea F. Clark, now deceased, on the conveyance to him by Mr. Redfield's father, Luther Redfield, of the premises on which the mortgage was, and which were conveyed to the latter by Barrett, who then owned them, in October, 1875, as security for a loan of money then made to him by Luther Redfield.

The complainant seeks by this suit to obtain a decree setting aside the assignment from her to Barrett as fraudulent, on the ground that the latter fraudulently altered it after it was executed, by substituting his name for that of Ramsey,

and requiring the executors of Clark, who died before the commencement of this suit, to deliver the bond and mortgage to Mrs. Putnam.

The assignment in question cannot be found. The evidence falls very far short of proving that the alleged alteration in it was ever made. The only witness on the subject is Mr. Putnam, who admits that he has not the slightest recollection of having executed any assignment, or that his wife did. He says that he has endeavored to refresh his recollection on the subject, but has no recollection whatever upon it.

· The whole business of negotiating and assigning the bond and mortgage was, he says, entrusted to Barrett, and, he adds, that the presumption is, that if he and his wife executed an assignment, it was such a one as Barrett prepared or caused to be prepared for them. He further says, that if he signed any paper, he left it with Barrett. It appears, from his testimony, that when Barrett informed him of his failure to obtain the money from Ramsey, Barrett said that if he would leave matters to him he might be able to do something for Mrs. Putnam, which would compensate her for the disappointment.

The complainant relies on the fact that it appears by the record of the assignment that, beneath the signature of the subscribing witness (Mr. Nettleton, the commissioner before whom the acknowledgment was taken), there is the following note:

"The words C. Barrett, of the city of New York, written on an erasure before execution."

And Mr. Nettleton testifies that he never so noted writing over erasure in an instrument witnessed by him, but that his uniform, unvarying practice is to note the alteration or writing over erasure above his signature. He does not, however, remember witnessing or taking the acknowledgment of the assignment, and he admits that he sometimes has forgotten to sign his name as a witness to instruments

Putnam *v.* Clark.

when requested so to attest the execution thereof in his presence. The production of the assignment might have shown that the note was in his own handwriting. In the absence of the note, there would be no presumption that the alteration, if alteration there was, indeed, was made after the execution of the assignment.

The burden of proof is upon Mrs. Putnam to prove that it was so made. *Cumberland Bank* v. *Hall*, 1 *Hal.* 215 ; *N. River Mead. Co.* v. *Shrewsbury Church*, 2 *Zab.* 424.

Failing in proving that any alteration was made in the instrument after its execution, the complainant's case, on this head, stands thus : Having executed an assignment of the bond and mortgage to her agent, for her own benefit, the agent, in violation of the confidence reposed in him, fraudulently disposed of the bond and mortgage to his own use. As against the title of a *bona fide* assignee for valuable consideration, without notice, she can have no relief, in equity, under such circumstances. *Westervelt* v. *Scott*, 3 *Stock.* 80 ; *Van Hook* v. *Somerville Manufacturing. Co.*, 1 *Hal. Ch.* 633. Her counsel insists that Clark, though a *bona fide* assignee for valuable consideration, without notice, is affected by the equities existing between her and Barrett. But it is established in this state, that while the purchaser for value of a chose in action is bound by the equities existing against it in the hands of the original obligor, he is not bound by the latent equities in favor of third parties of which he had no notice. *Losey* v. *Simpson*, 3 *Stock.* 246 ; *Woodruff* v. *Depue*, 1 *McCart.* 168 ; *Danbury* v. *Robinson*, *Id.* 213 ; *Starr* v. *Hoskin*, 11 *C. E. Gr.* 414. The decision of this case rests, however, on estoppel.

If the controversy were between Mrs. Putnam and Amasa A. Redfield, the title of the latter to the bond and mortgage would be subject to considerations arising from his answer and the testimony adverse to its validity, but these considerations cannot avail her against the representatives of Clark.

It appears, by the answer of Amasa A. Redfield, that the

assignment of the bond and mortgage to him was made at the request of Barrett, and pursuant to an agreement between him and the latter that it should be made. It was accordingly made by the insurance company to Amasa A. Redfield, and the papers were delivered over to him accordingly. Subsequently, when the conveyance of the mortgaged premises (which had been sold to Clark free from encumbrance, for about $10,000, by Luther Redfield, to whom Barrett had conveyed them as security, as before mentioned,) was made, Amasa A. Redfield, who then held the bond and mortgage pursuant to the assignment to him, assigned and delivered them to Clark, in discharge of the liability of the premises from the mortgage. The mortgage was retained, uncancelled, however, in order to enable Clark to avail himself of it to protect him against a tenancy by the curtesy in the property, which tenancy was subject to the lien and encumbrance of the mortgage. Otherwise it would have been cancelled.

In consideration of receiving the bond and mortgage, Clark paid the purchase-money. Of course he would not otherwise have done it, for the amount due on the mortgage exceeded the price at which he had bought the property. The assignment of the bond and mortgage was, by his direction, made to his wife, in trust for him. Clark was a *bona fide* purchaser, for valuable consideration, of the bond and mortgage, and he had no notice of any infirmity in, or equity against, the title of Amasa A. Redfield thereto, nor was there anything to put him upon inquiry. Under such circumstances the complainants cannot prevail. *Trenton Banking Co.* v. *Woodruff*, 1 *Gr. Ch.* 117; *Jones* v. *Powles*, 3 *Myl. & K.* 581.

The bill will be dismissed, with costs.