## WILLIAM B. RILEY

*v.*

## LILLIAN L. HOPKINSON.

[Submitted November 3d, 1913. Determined November 13th, 1913.]

1. A mortgage which is not supported by a consideration was void in the hands of either the mortgagee or his assignee, since the assignee would take subject to existing defences of the mortgagor.

2. A mortgage to a straw mortgagee without consideration, but delivered by the mortgagor to her own agent for sale for an amount less than the secured obligation, was usurious as to a purchaser for such lesser amount from the agent without inquiry.

3. By purchasing from mortgagor's agent at a discount a mortgage executed to a straw mortgagee without consideration, without making inquiry as to the nature of the transaction, the purchaser became charged with knowledge of the usury in the mortgage, so that mortgagor could set up that defence in a foreclosure action by the purchaser.

4. Credit should be allowed the debtor only for the amount of illegal interest paid under a usurious contract and not for all of the interest paid.

On final hearing on bill to foreclose mortgage with defence of usury.

*Messrs. Bolte & Sooy,* for the complainant.

*Mr. Edmund C. Gaskill, Jr.,* for the defendant.

LEAMING, V. C.

The mortgage which complainant seeks to foreclose was executed by the mortgagor to a straw man as mortgagee wholly without consideration. So long as it remained without a consideration it was necessarily void, either in the hands of the mortgagee or the assignee of the mortgagee, as an assignee would take subject to existing defences of the mortgagor. *Magie* v. *Reynolds, 51 N. J. Eq. (6 Dick.) 113.*

But the mortgage was not in fact delivered to the mortgagee. It was delivered by the mortgagor to her agent for the defined purpose of having the agent, in her behalf, sell it for an amount less than the obligation which it represented; the plan being to have the agent of mortgagor cause the straw mortgagee to make an assignment of the mortgage and its accompanying bond to such purchaser as the agent should procure.

Until money was actually paid for the mortgage and reached the hands of mortgagor or her authorized agent no consideration whatever supported the mortgage. It follows that the contract of the mortgagor for the payment of money—which contract is embodied in the bond and mortgage—first received vitality as a contract when it was purchased by complainant at a discount; prior to that time it was a *nudum factum.* It thus appears that

the mortgage was conceived in usury, as it was executed by the mortgagor to a straw mortgagee as a contract to secure the payment of an amount in excess of the amount the mortgagor was to receive; and this usurious purpose of the mortgagor was consummated through the medium of the purchase of the mortgage by complainant for an amount less than its face. The fact that the mortgage was executed by the mortgagor to be sold by her agent at less than its face could have been ascertained by the purchaser by the inquiries which are usual in the purchase of mortgages. By purchasing the mortgage at a discount without such inquiries—either through design or negligence—the purchaser made himself the effective instrument through which the mortgagor was enabled to borrow at a rate forbidden by law. The practical effect of the transaction was precisely the same as though the mortgagee had made a loan to the mortgagor for an amount less than the amount of the mortgage. Under such circumstances it seems impossible to escape the conclusion that the purchaser should be charged with a knowledge of all the facts which reasonable inquiry on his part would have disclosed, and that the defence of usury is, in consequence, available to the mortgagor. Any conclusion to the contrary would be clearly destructive of the beneficial purpose of our statute against usury.

The rule touching credits for interest paid upon a usurious contract is that credit shall be given the debtor for the amount of illegal interest paid by him and not for all interest which has been paid. *Kohn* v. *Kelly,* 76 *N. J. Eq.* (*6 Buch.*) *132. Kohn* v. *Kelly* was subsequently affirmed by the court of errors and appeals for the reasons stated in this court. 77 *N. J. Eq.* (*7 Buch.*) *273.*

I will advise a decree for the amount paid by complainant less the amount of interest which has been paid to him by the mortgagor in excess of the legal rate on the amount paid for the mortgage. No costs can be recovered.