One Norman N. Gale desired to obtain a loan of $13,500, for which he was willing to execute a mortgage of $15,000, *Page 468 
in effect, giving a bonus of $1,500 for the loan. In pursuance of this plan, he negotiated with the Associated Realtors Company to represent him in securing such a loan. One Baittenger, a salesman or representative of said company, secured the complainant as a purchaser of a $15,000 mortgage for the sum of $13,500.
Gale and wife made and executed a mortgage to one Thomas J. McHenry for the sum of $15,000, which mortgage was by McHenry assigned to the complainant in consideration of the sum of $13,500 advanced by complainant to the title company, which issued a policy to her as assignee.
I find, as a fact, that Gale and the realty company entered into this agreement to negotiate such a loan to be secured by a mortgage, which was to be executed and assigned in the way and manner above referred to in order to avoid the effect of section 1 of "An act against usury." Comp. Stat. p. 5704.
Application was made by Gale to a reputable title company for title insurance of the mortgage in question. On July 25th the following paper was signed by Mrs. Hollander:
"Received of Sophia Hollander, draft on the Atlantic City National Bank of this city, ln the sum of $13,500. It is understood that this money is deposited with the South Jersey Title and Finance Company for the purchase of a certain bond and mortgage made by Norman Gale et ux. to Thomas J. McHenry, bearing date July 25th, 1924; payable any time within three (3) years, with interest at six per cent., payable semi-annually, and accompanied by full fire insurance; said mortgage covering lands and premises situate in the city of Ventnor City at the southeasterly corner of Melbourne and Atlantic avenues, being a lot 50 feet front on Melbourne avenue by 62.5 feet on Atlantic avenue, upon which is erected a one-and-one-half-story brick and concrete construction.
"You are hereby authorized, and this shall be your sufficient warrant, to use said funds in the purchase of the mortgage hereinabove mentioned when your company can issue policy in favor of Sophia Hollander, insuring the mortgage hereinabove recited of $15,000 to be a first mortgage subject only to the usual exceptions contained in title policies and restrictions. It is understood that the buildings on said lands are in the course of construction.
"It is required of your company insurance against mechanics' liens. The time limited for the disbursement of this money is when the South Jersey Title and Finance Company passes upon release of liens furnished by the builder on the completed building and is ready to issue its policy in accordance with terms and conditions hereinabove mentioned. *Page 469 
"A survey is to be furnished on the day of settlement.
"I hereby agree to the foregoing conditions.
"SOPHIA HOLLANDER."
At the time of settlement, Gale executed a declaration of no set-off in the usual form, declaring that there was $15,000, together with interest, due on said mortgage.
The law as expressed in Riley v. Hopkinson, 82 N.J. Eq. 469,
is:
"By purchasing from mortgagor's agent at a discount a mortgage executed to a straw mortgagee without consideration, without making inquiry as to the nature of the transaction, the purchaser became charged with knowledge of the usury in the mortgage, so that mortgagor could set up that defense in a foreclosure action by the purchaser."
The question for determination is, Has the purchaser made all reasonable inquiries which under the circumstances she should make?
She is a foreigner, not well versed in the English language, and therefore delegated to her daughter all the business affairs, except, as she expressed it, "to sign the check." All transactions were with the Associated Realtors Company, Baittenger and the title company, and she and her daughter understood the mortgage to be in existence and she relied upon the title company and Mr. Byrne, of the Associated Realtors Company. It is evident that she took every reasonable precaution in purchasing this mortgage.
While this construction of the facts in this case prevents the defendant from taking advantage of the beneficial purpose of our statute against usury, it is because he and his associates have deceived the complainant and have so carefully covered their illegal tracks that they have automatically prevented the court from assisting them in availing themselves of the benefits of that act.
A decree will be advised in favor of complainant for the full amount of the mortgage, with interest. *Page 470