The bill is to foreclose a mortgage, and the question is whether it is entitled to priority over another held by the defendant Bernz, assigned to him by one Pietriella. The Pietriella-Bernz mortgage was executed and recorded six months before the complainant's mortgage was given. Pietriella agreed, in writing, with the complainant to postpone his mortgage, and then sold and assigned it to Bernz, who purchased without notice of the postponement. The agreement to postpone was not recorded.
An assignee of a mortgage takes subject to the defenses the mortgagor may have, but not to latent equities created by the mortgagee in favor of strangers. Vredenburgh v. Burnet,31 N.J. Eq. 229. The principle was applied in Davis v. Piggott,56 N.J. Eq. 634, and was not impugned in the opinion reversing the case. Davis v. Cressman, 57 N.J. Eq. 619. The point here presented was before this court in New York ChemicalManufacturing Co. v. Peck, 6 N.J. Eq. 37, *Page 427 
and it was held that a bona fide assignee of a mortgage, first in execution and registry, takes it free from an agreement between the first and second mortgagee that the latter should be the prior encumbrancer. As to equities in favor of the mortgagor, an assignee may protect himself by obtaining a declaration of no defenses; as to others he may abide by the registry. The statute provides for the recording of postponements (Comp. Stat. Cum.Supp. p. 627), and the complainant must suffer for its failure to avail itself of the privilege.
The case was heard and argued upon the issue decided, but upon looking into the answer it is found that the defense of bonafide purchaser is not set up. The answer may be amended in this respect, and then the bill will be dismissed as against Bernz.