Complainant seeks to foreclose a mortgage which he holds by assignment for a pre-existing debt from the mortgagee who had, previous to the execution of the mortgage, agreed in writing to assign it to the defendant Sokol for a then present valuable consideration. The defendant Mand, the mortgagor, defends on the ground that the complainant is not the owner of the mortgage, and has impleaded the defendant Sokol, who also claims the interest. The agreement to assign is dated July 20th, 1928, and was recorded July 26th, 1928. The bond and mortgage are dated November 16th, 1928, and the assignment to the complainant, April 12th, 1929, and recorded April 18th, 1929. The agreement was, in effect, an equitable assignment. That such an agreement will be sustained in equity, see Cogan v. Conover *Page 103 Manufacturing Co., 69 N.J. Eq. 358. When interest fell due on the mortgage it was demanded by the complainant, but the mortgagor, who had notice of the agreement to assign, refused to pay either claimant until their respective rights to the mortgage and the interest due thereon were established. While ordinarily an assignee of a mortgage takes free of latent equities created by the mortgagee in favor of strangers (New Jersey Discount Co.
v. Telesca, 101 N.J. Eq. 426), an assignee, to come within that rule, must have given value for his assignment. If not, although he has the legal title to the mortgage, his rights are determined as though he had a mere equity. Tate v. Security Trust Co.,63 N.J. Eq. 559; Pom. Eq. Jur. § 417. Considered in this light the defendant Sokol's equity is superior because prior in time.
The instant case is practically on all fours with Tate v.Security Trust Co., supra. Sokol stands in the place of Tate, and Perry Son, Incorporated, in the place of the trust company. There, Tate was the equitable owner of the mortgage and the trust company had received an assignment of it as security for a pre-existing debt without notice of Tate's rights. This court pronounced Tate's rights superior to those of the trust company. See, also, Kamena v. Huelbig, 23 N.J. Eq. 78; Lawshe v.Trenton Banking Co., 87 N.J. Eq. 56. While the Uniform Sales of Goods act (P.L. 1907 p. 341; 4 Comp. Stat. p. 4645) provides that where goods are taken in satisfaction of or as security for an antecedent debt, such debt shall constitute "value," it is to be noted that the word "goods," as used in that act, does not include "things in action or money." See section 76. The defendant Sokol has answered with a mere statement of his claim and does not seek foreclosure, alleging no default on the part of the mortgagor for the non-payment of interest to which he assented. A decree will be entered determining Sokol to be the owner of the mortgage and entitled to the interest thereon, equity considering as done that which ought to have been done. Complainant, not being entitled to the mortgage, cannot foreclose it. The bill will therefore be dismissed. *Page 104