It is suggested in Tate v. Security Trust Co., 63 N.J. Eq. 559
(at p. 561), that there is some conflict of the authorities in this state touching the equitable rights subject to which an assignee of a mortgage will or will not take; but I think an examination of all the authorities in this state on that subject discloses a clearly defined and established rule which cannot be mistaken and which may be accurately applied to any given facts. That rule, expressed both exclusively and inclusively, in essentially the language adopted in Vredenburgh
v. Burnet, 31 N.J. Eq. 229, may be said to be as follows: The assignee of a mortgage who purchases a mortgage in good faith for an original valuable consideration — as distinguished from a pre-existing indebtedness — takes it free from latent or secret equities created by the mortgagee in favor of third persons of which the assignee does not have notice, but takes it subject to all the defenses which the mortgagor, or those who have succeeded to his rights, may urge against it. The reason for this rule appears to be that it is possible for an assignee of a mortgage to ascertain from the mortgagor, and thereby protect himself from, any claim the mortgagor may urge against the mortgage, whereas it is impossible for him to ascertain secret equities created by the mortgagee in favor of third persons. The following authorities in this state may be cited in support of the rule as above stated. Shannon v. Marselis, 1 N.J. Eq. 413; Losey v.Simpson, 11 N.J. Eq. 246; Woodruff v. Depue, *Page 430 14 N.J. Eq. 168; Lee v. Kirkpatrick, 14 N.J. Eq. 264; DeWitt
v. Van Sickel, 29 N.J. Eq. 209; Putnam v. Clark, 29 N.J. Eq. 412; Vredenburgh v. Burnet, supra; Magie v. Reynolds, 51 N.J. Eq. 113; Davis v. Piggott, 57 N.J. Eq. 619; Tate v. SecurityTrust Co., supra; Riley v. Hopkinson, 82 N.J. Eq. 469;McMurtry v. Bowers, 91 N.J. Eq. 317; Reddavide v. Laskowitz,99 N.J. Eq. 614; affirmed, 100 N.J. Eq. 588; New Jersey DiscountCo. v. Telesca, 101 N.J. Eq. 426; George F. Perry Son, Inc.,
v. Mand, 107 N.J. Eq. 102.
Since defendant Moore took an assignment of the fraudulent mortgage from complainant to defendant D'Aloise without obtaining from complainant as mortgagor a declaration of no defenses, he took subject to all the defenses which complainant as mortgagor may urge against it.
It is further urged in behalf of defendant Moore that complainant's negligence in entrusting the preparation of the mortgage to the mortgagee and executing it without knowing its contents should be operative to bar equitable relief in his behalf as against the assignee of the mortgage.
While culpable negligence in some circumstances will be operative as a bar to affirmative equitable relief to the negligent suitor, the application of that rule to the circumstances of this case encounters well recognized concurrent and co-operative elements which deny to it controlling force. The rights here asserted by complainant are equitable rights existing in favor of a mortgagor against his mortgagee subject to which the assignee of a mortgage takes when the assignee of the mortgage neglects to procure from the mortgagor a declaration against defenses; and it scarcely will be contended that in trusting the mortgagee in the circumstances already stated the mortgagor barred himself from relief against the mortgagee based on the fraud practiced by the latter. As stated in 25 C.J.1147, it is the very purpose of fraud to cheat its victim by making him neglect the precautions essential to prevent injury; and to deny relief from fraud because the victim was negligent would only be operative to *Page 431 
encourage dishonesty. See, also, Decker v. Hardin, 5 N.J. Law
[*]579; Big. Fraud 524; Kerr Fraud 80, 81. It is also recognized that the rule requiring investigation is not applied where there exists a relation of trust and confidence which disarms the victim. 26 C.J. 1158; Ricketts v. Tompkins,73 N.J. Eq. 552; Roberts v. Tompkins, 75 N.J. Eq. 576.
As between defendant Moore and defendant Cashman the lien of the mortgage held by Moore on the Royden street property in its true amount must be held superior to the lien of the $800 mortgage held by Cashman on that property. This is because the prior record of the mortgage now held by Moore protects it against the latent equity arising from D'Aloise's representation to Cashman that his $800 mortgage was a first lien.
As already stated, the legal title to the Sylvan street property was held by Keliher and wife under a naked trust for defendant D'Aloise, and that property at the instance of D'Aloise was conveyed by the Kelihers directly to complainant. Accordingly, defendant Mary G. D'Aloise, wife of Felix, claims a dower right in that property. It was she who, as a notary public, falsely certified to the acknowledgment of complainant's mortgages and in that manner assisted in consummating the fraud against complainant by causing complainant to accept the title of the Sylvan street property as free from any dower right on her part and to execute the purchase-money mortgage on it and also the mortgage for $2,500 instead of $500. It seems clear that in these circumstances she cannot equitably now be heard to assert against complainant a right of dower in the property so conveyed and encumbered; she cannot be permitted to assert a claim against the natural and obvious consequences of her own deliberate and wrongful acts.
The decree to be entered will cancel the $2,500 mortgage held by defendant Moore as to the principal amount of $2,000, thus leaving due thereon the principal amount of only $500. As between defendants Moore and Cashman the lien of the mortgage held by Moore on the Royden street property in its *Page 432 
reduced amount will be decreed to be a lien superior to the lien of the $800 mortgage on that property held by Cashman. Defendant Mary G. D'Aloise will be enjoined from asserting against complainant a claim of dower in the Sylvan street property. Rents of the Sylvan street property collected by D'Aloise and not applied by him, as agreed, in payment of interest on the mortgages and taxes may be charged against the Moore mortgage up to the time it was assigned to Moore. Unless that amount be ascertained by agreement a reference may be made to a master for that purpose.