The bill is to foreclose a purchase-money mortgage. The defense is part failure of consideration.
Green and Friedlander, builders, sold to the defendant Rowan a lot, 87 Lindsley avenue, West Orange, on which they were erecting a six-room house. The property was conveyed subject to a $9,000 mortgage; Rowan paid $1,000 and gave the $3,000 mortgage in suit. He took possession April 20th, 1929. In the contract of sale the builders agreed that before the day set for the delivery of the deed (April 8th), they "will put said new dwelling in good condition for occupancy by completing it in a good, substantial workmanlike manner (including the items more specifically set forth in another part of this contract)." The items were fourteen in number.
Rowan was without experience in housebuilding — he is a school teacher — but he was familiar with the character of *Page 139 
construction of the house before he bought it and must have realized that letter perfect is not in the builder's curriculum. When he took title the house was not finished; he gave a list of things that, as he saw, had to be done to put it in condition, and they were promised. Later, unfinished items were observed and imperfect work developed; these were listed with the previous ones, and forwarded with demands for correction. Some were remedied. From time to time as he made complaints and attention was given, he was appeased. Six months after he took possession (October 29th) he submitted his second or third list of short-comings, and when they were adjusted he appeared to be satisfied and paid his first installment of principal, $500, and the interest on the mortgage.
Many additional items of complaint are now set up — there were over sixty in issue at the hearing. Some are well founded, others have color, not a few are captious.
It is apparent that, as his intimacy with the house grew, his disappointment increased; more defective work developed, existing imperfections were magnified and his sense of injury waxed, and, although before this suit he fixed his loss at $500 and in his counter-claim sets it at $1,500, his measure of the damages suffered no set-back when his architect, recently employed, at the trial brought the damages up to the snug figure of $2,109.13; and in his calculation he omitted items that, if included and allowed, would nearly wipe out the mortgage debt.
We feel that the defendant has some real grievances; the house was not completed in many respects "in good, substantial, workmanlike manner." The evidence is voluminous. A discussion of it and our deduction and findings as to the deficiencies cannot be detailed within the limits of permissible judicial opinions. As trier of the facts we must content ourselves with our verdict for the defendant, and, as assessor of the damages, we fix them at $500.
The defendant's cross action charges a partial failure of consideration, because of the non-performance of the mortgagee's collateral executory promise to complete the building *Page 140 
"in good, substantial, workmanlike manner" before title passed. Performance, not the promise, was part consideration for the mortgage and for the dereliction he is entitled to an abatement in reduction of the mortgage debt. Brownback v. Spangler,101 N.J. Eq. 388. The complainant, assignee, took subject to the equities. Sabatino v. D'Aloise, 107 N.J. Eq. 426. Peterson v.Reid, 80 N.J. Eq. 450, is not in conflict. There the promise was the consideration, substantial performance was to be in the future; there was a novation of the contract; the contract was deemed personal; the defendant raising the right to recoup, bought only the equity of redemption; and there are other reasons why that case has no application to the present situation.
It is not essential to the defendant's right to recoup his losses that fraud be found, as the complainant supposes. He does not count on misrepresentation as in Melick v. Dayton, 34 N.J. Eq. 245,
and other like cases cited. The principle of that line of cases is not involved.
The complainant claims an estoppel, in that the payment by the defendant of $500 on account of the principal of the mortgage was an admission by him and an assurance to the complainant that the mortgage debt was owing and that the mortgage was incontestible. The estoppel is not pleaded; it must be to be available.Scrymser v. Seabright Electric Light Co., 74 N.J. Eq. 587.
But putting that aside: there is no proof that the complainant was influenced by the payment and was thereby misled into purchasing the mortgage. Mott v. Newark German Hospital,55 N.J. Eq. 722; Cartun v. Myers, 78 N.J. Eq. 303;82 Atl. Rep. 14. Had he inquired of the defendant he would have learned that the payment was not an acknowledgment of the integrity of the mortgage, but was his discharge of the reciprocal obligations of the parties to the transaction, in the performance of which the mortgagee defaulted. Magie v. Reynolds, 51 N.J. Eq. 113.
 Decree for complainant with abatement. *Page 141