This bill is to foreclose a mortgage in the amount of $14,000 given on June 28th, 1927, by Samuel Goldstein and his wife to Louis Weinberg, a brother of the complainant, covering property at 139 Baldwin street, Newark.
Louis Weinberg died November 15th, 1932, leaving a will in which he bequeathed the mortgage to the complainant. His widow, Ida Weinberg, present owner of the property, is the defendant. In her answer she admits the execution of the bond and mortgage but denies that anything is due thereon; and she has filed a counter-claim praying that the mortgage be canceled. *Page 98 
The mortgage was under seal; therefore, consideration was implied. Farnum v. Burnett, 21 N.J. Eq. 87; Wilson v.Stevens, 105 N.J. Eq. 377. The seal, however, is nothing more than presumptive evidence of a sufficient consideration, which may be rebutted. Section 66 of the Evidence act. 2 Comp. Stat.p. 2240. But "neither courts of law or equity will allow the consideration to be inquired into for the sake of declaring the instrument void for want of consideration; but they will, for the purpose of ascertaining what is due upon it." Farnum v.Burnett, supra; Shotwell v. Shotwell, 24 N.J. Eq. 378
(385); Wilson v. Stevens, supra. If it be proved upon such inquiry that there is no debt then there is no right to enforce the mortgage. Perkins v. Trinity Realty Co., 69 N.J. Eq. 723;affirmed, 71 N.J. Eq. 304.
At the final hearing the complainant offered an exemplified copy of the last will of Louis Weinberg, the letters testamentary issued to him, the mortgage sought to be foreclosed and an assignment thereof. He testified that he has not been able to find the bond, but the execution thereof was admitted in the answer.
The material facts upon which the defendant relied to prove that there is nothing due the complainant on his mortgage and to sustain her prayer for cancellation were as follows:
Her husband bought the property in question in June, 1927, while they were living apart; but to deprive her of any interest in it he had the conveyance made to Samuel Goldstein. Weinberg was timorous; he was not quite sure of the condition thus created, so to safeguard his investment he had Goldstein and his wife execute the mortgage which is the subject of this suit. Thereafter Weinberg exercised all rights of ownership in the property. He collected rents, made repairs, and was known by the tenants as the landlord. There is no evidence of any payment of interest by Goldstein to Weinberg, and no proof of any kind that Goldstein had anything to do with the property. He is now deceased; but his wife testified that as she understood the transaction Mr. Weinberg, an old friend of theirs, wanted to have the property *Page 99 
in their name "in case he wanted to sell that he wouldn't have to get his wife's signature, because they were separated." She said that no money passed between her husband and Weinberg, that her husband never went to see the property, never collected any rents from it and never had anything to do with it.
In November, 1931, a reconciliation was effected between Mr. and Mrs. Weinberg at the instigation of mutual friends; but before they resumed living together they entered into a written agreement in which it is recited that in consideration of the mutual promises and agreement therein specified, the parties thereto agree to resume marital relations and from the date thereof to live together as husband and wife. By the agreement Louis Weinberg assigned and conveyed to the defendant an undivided interest in savings bank deposits standing in his name, totaling $22,037.43, capital stock in the Irving Trust Company and Manufacturers Trust Company of New York and in the real estate covered by the mortgage here in question. The agreement refers to the real estate as follows:
"The said real property known as No. 139 Baldwin Street, City of Newark, State of New Jersey, now standing in the name of one Sam Goldstein, who holds said property for and on behalf of said party of the first part, and the said party of the first part hereby agrees to procure a deed of said property from the said Sam Goldstein and Sadie Goldstein, his wife, to both parties hereto jointly and not as tenants in common."
Louis Weinberg is the party of the first part to the agreement.
On December 24th, 1931, apparently in partial performance of the agreement referred to, a bargain and sale deed for the Baldwin street property was executed by Samuel Goldstein and his wife to Ida Weinberg and recorded on the same day in book S 83 of deeds for Essex county, page 316.
Within two or three months after they resumed their married life the Weinbergs again separated, and in June, 1932, Louis Weinberg brought suit against his wife in the supreme court of New York asking that the contract and the assignments *Page 100 
and conveyance made pursuant thereto be declared void and set aside. The complaint contains admissions and allegations by Weinberg of his ownership of the property. In paragraph "Fourth" he alleges that in December, 1931, he was the owner of property recorded in book S 83, page 316, in the office of the register of Essex county, "which was held in the name of Samuel Goldstein." In paragraph "Eighth" he says, "that on or about the 24th day of December, 1931, the plaintiff caused a deed to the aforesaid real property to be made conveying the same to the defendant." He charges that there was no consideration for the conveyance and that the defendant had induced him to make the deed by her express promises and covenants and agreement to resume living with him and to continue to live with him as his wife.
Louis Weinberg died before the case came on for trial and Samuel Weinberg, the present complainant, was substituted as plaintiff on his own motion, he being the executor of his brother's estate.
The New York supreme court found in favor of the defendant, holding that there was good consideration for the conveyance, and that the defendant left her husband on February 18th, 1932, with legal cause and sufficient provocation. No attack is made on the judgment entered in the New York court. The parties and subject-matter were properly before it and unless the contrary is proved, every presumption must be made here in favor of the validity, regularity and justice of the judicial proceedings of that court. Supreme Council, Royal Arcanum, v. Carley, 52 N.J. Eq. 642.
In addition to the admissions made by Weinberg in the contract of November 30th, 1931, regarding his ownership of the property, the allegations of the complaint filed by him in the New York supreme court and the judgment of that court, we have the unimpeached testimony of Mrs. Weinberg, given before me, in which she said that her husband represented to her that he had a house in Newark which was free and clear, and that he had the deed made in the names of Mr. and Mrs. Goldstein because he was afraid she would not *Page 101 
sign in the event he wanted to sell. He said to her, "the house is free and clear. I paid it in cash for protection. They gave me a mortgage for $14,000 which is worth more than the house. That is my protection. The mortgage doesn't mean anything. It is only for my protection."
The character of an instrument is determined by the intent of the parties at the time of execution. J.W. Pierson Co. v.Freeman (Court of Errors and Appeals), 113 N.J. Eq. 268,271. It was never intended by Weinberg and Goldstein that the mortgage should secure any debt from the mortgagor to the mortgagee because no such debt existed, and upon foreclosure no deficiency claim against Goldstein on the bond could have been maintained. The whole transaction was designed to defraud the defendant. In Sweeney v. Williams, 36 N.J. Eq. 459,
Vice-Chancellor Van Fleet said (at p. 642) that a mortgage given by the holder of the bare legal title to the real owner is without the slightest legal force, as between themselves.
The complainant is not an innocent purchaser for value. He acquired the mortgage by gift from the mortgagee; and therefore took it subject to all defenses and equities against it. It is a sufficient defense that the mortgage does not secure a debt. Moreover the complainant is bound by the unconscionable conduct of his testator who for a consideration which has been held to be good induced the defendant to acquire the property on his fraudulent representation that it was free and clear. If the defendant had examined the records in the office of the register of Essex county she would have discovered the mortgage, but neither Louis Weinberg nor his personal representative can take advantage of her failure to make such an examination. Sabatino
v. D'Aloise, 107 N.J. Eq. 426. See, also, 26 C.J. 1147.
The court will not give its aid to the schemes developed by the complainant's testator; its aim is to prevent, not encourage, wrong-doing.
I will advise a decree for the defendant on the bill and counter-claim. *Page 102