The bill in this case was filed for the purpose of obtaining surrender and cancellation of a bond and mortgage.
Complainants' decedent, Anna E. Romaine, on February 15th, 1913, owned a tract of meadow land in Bergen county and executed and delivered a bond and mortgage to secure the payment of $2,000 covering said land to one, Harry Schoenewe. The mortgage was duly recorded in the clerk's office. Schoenewe assigned the bond and mortgage on February 15th, 1914, to Joseph D. Roberts, a son-in-law of decedent. Roberts assigned the bond and mortgage to various banks as collateral security. On November 12th, 1931, having paid the debts for which the bond and mortgage were offered as security, he executed and delivered a written assignment of the same to Anna Geering, trustee of the estate of Emil Geering. On December 1st, 1935, Anna Geering, as trustee, assigned the same to the defendant, Emil Geering.
On May 2d 1929, Roberts executed a general release to Anna E. Romaine. The language of this release is very broad and discharges Mrs. Romaine, her heirs, executors and administrators, in the following language:
"* * * of and from all and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demand whatsoever, in law or in equity, * * *."
The release was obtained by Mrs. Romaine for the reason that Roberts had in his possession a note made by her for the principal sum of $10,000. Although she had paid this note in full Roberts was fraudulently keeping the same alive by endorsing thereon alleged payments of interest. Roberts was accused by Mrs. Romaine of misappropriating moneys belonging to the estate of her late husband. As a result of this fraud on the part of Roberts a conference was held in the presence of Mrs. Romaine's counsel, who is one of the complainants here, with the result that Roberts surrendered the note and gave the release in question for the reason that Mrs. *Page 401 
Romaine did not believe him when he stated that he held no other obligations or papers against her or belonging to her. At the same time she gave a general release to Roberts.
Defendant says that the release did not discharge the mortgage for the reason that on the date of the execution and delivery of the release Roberts was not the legal owner thereof because he had assigned the same as collateral security to a bank to which Roberts was indebted. If Roberts did not hold the legal title to the bond and mortgage he certainly was the equitable owner. He could have asserted at that time his right to collect the obligation against Mrs. Romaine.
I am of the opinion that the release in question by its terms extinguished not only the debt represented by the bond but also the lien of the mortgage. Roberts' assignee of the bond and mortgage failed to make inquiry of the mortgagor concerning the amount due and the status of the same. When the present defendant accepted his assignment he also failed to make such inquiry. The defendant, therefore, is now estopped from contesting the effect of the release. An assignee of a bond and mortgage must at his peril make proper inquiry of the mortgagor or the owners of the equity of redemption as to whether equitable set-offs or defenses exist against the bond and mortgage. If he does not do so he takes them subject to all set-offs and defenses existing against the same. The assignee of the bond and mortgage, although a bonafide holder, took the same subject to all equities subsisting against them in the hands of the assignor. See Davenport v.O'Connell, 117 N.J. Eq. 454.
Defendant further says that because of the failure of the decedent or her executors to take legal proceedings to have the mortgage satisfied and canceled of record, complainants are now estopped from asserting their rights. This is not the law. The court said in the case of Davenport v. O'Connell, supra:
"It was not incumbent upon them to initiate any action or proceedings for the cancellation of the mortgage in question. They had a right to rely upon the well settled rule of law that the purchaser or pledgee of said bond and mortgage takes them subject to all equities subsisting against them and *Page 402 
against which he has the power of protecting himself by making due inquiry at the proper sources. Magie v. Reynolds, 51 N.J. Eq. 113; Feinberg v. Rowan, 111 N.J. Eq. 138."
I have, therefore, concluded that the relief prayed for should be granted.